IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL POLOWINCZAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15 C 6103 |
| | ) |
| SHERIFF OF DUPAGE COUNTY | ) |
| ILLINOIS JOHN ZARUBA, DEPUTY | ) |
| D. KACZKOWSKI, DEPUTY S. | ) |
| KUSCHELL, UCHICAGO ARGONNE | ) |
| LLC, and PETER T. SPIZZIRRI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Michael Polowinczak has sued DuPage County Sheriff John Zaruba and Deputies D. Kaczkowski and S. Kuschell (the DuPage defendants), UChicago Argonne LLC, and Peter T. Spizzirri. Polowinczak asserts a claim pursuant to 42 U.S.C. § 1983, alleging that Spizzirri and the DuPage defendants violated his constitutional rights by falsely arresting him. He also asserts state law claims against Spizzirri and Argonne alleging retaliatory discharge and negligent and intentional infliction of emotional distress. Defendants have moved to dismiss all of Polowinczak's claims. For the reasons stated below, the Court grants defendants' motions.

### Background

The Court takes the following facts from Polowinczak's complaint, accepting them as true for purposes of the present motion. *See Fortres Grand Corp. v. Warner*

*Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014).  Polowinczak began working for Argonne National Laboratory as a machinist in 1989, and sometime after 1998 he became the lead optician at UChicago Argonne.  In 2003, he participated in a negotiating committee through which he prevented the layoff of an employee who was one year away from retiring.  From that point onward, Polowinczak felt as though he "had a target on his back because of the deal negotiated."  2d Am. Compl., dkt. no. 35, ¶ 53.  His job duties increased in the wake of layoffs in 2011 and 2012.  Polowinczak applied and interviewed for the job of Master Optician, but despite his qualifications, he was not selected for the job; instead, the company went with an outside hire.  Polowinczak filed grievances claiming that hiring an outside candidate violated a collective bargaining agreement, but the hiring was upheld.  Over the next few months, Polowinczak "was subject to verbal and written reprimands" and "was retaliated against and subjected to a hostile work environment."  *Id.* ¶¶ 57, 59.

On July 12, 2013, Polowinczak was driving his car on Argonne property when he was stopped by Argonne Protective Force Operations Leader Spizzirri and an unknown number of other Argonne security officers.  Spizzirri and the other officers surrounded Polowinczak's vehicle, "caused him to exit his vehicle and proceeded to search and remove items from [his] vehicle."  *Id.* ¶ 20.  The items that were removed "either belonged to and were purchased by [Polowinczak] or were authorized by his employer, Argonne, to be within his possession."  *Id.* ¶ 21.  Still, the DuPage County Sheriff was called, and after some time, deputies Kaczkowski and Kuschell arrived at the scene.

According to Polowinczak's complaint, the deputies "upon their arrival determined that [Polowinczak] had vehicle violations."  *Id.* ¶ 22.  Specifically,

Polowinczak "was cited with improper display of license sticker and operating a vehicle with expired registration." *Id.* ¶ 23. Polowinczak was placed under arrest, handcuffed, and removed from the property.

Polowinczak alleges that although Kaczkowski and Kuschell were advised that Argonne employees were permitted to leave Argonne property with the type of equipment he had in his car at the time, one or both of them "convinced Argonne employee Peter Spizzirri to file a Misdemeanor Complaint for the theft of Argonne property" against Polowinczak. *Id.* ¶ 25. "Defendants DuPage County Sheriff, Kaczkowski, Kuschell and/or Spizzirri, caused [Polowinczak] to be arrested and charged criminally for theft of Argonne property without just cause . . . ." *Id.* ¶ 26. Polowinczak also alleges that one or both of Kaczkowski and Kuschell "wrote false police reports and/or fabricated information with the assistance of Spizzirri." *Id.* ¶ 28.

Polowinczak alleges that he was eventually acquitted of the criminal charge of theft of property. But on the day of his arrest, Argonne Protective Force Operations informed Polowinczak that he was being terminated for theft of property. Less than two weeks later, Polowinczak, "under duress, was forced to sign a resignation letter because his benefits and pension were threatened." *Id.* ¶ 66.

Polowinczak filed this suit in July 2015. He has amended his complaint twice. In the current version, Polowinczak asserts four claims. First, he asserts a claim under 42 U.S.C. § 1983, alleging that Zaruba, Kaczkowski, Kuschell, and Spizzirri violated his Fourth and Fourteenth Amendment rights by effecting an arrest without probable cause for theft of Argonne property. Second, he alleges that Argonne committed the state-law tort of retaliatory discharge by terminating his employment in retaliation for his

3

invocation of his constitutional rights and his assertion of his rights under a collective bargaining agreement. He also asserts both negligent and intentional infliction of emotional distress claims against Spizzirri and Argonne.

**Discussion**

Defendants have moved to dismiss all of Polowinczak's claims. When considering a motion to dismiss for failure to state a claim, the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). To state a viable claim, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The only federal claim in Polowinczak's complaint is a claim of false arrest brought pursuant to 42 U.S.C § 1983. A false arrest claim "requires an arrest made without probable cause." *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009) (internal quotation marks omitted). "The Fourth Amendment prohibits unreasonable searches and seizures, but the existence of probable cause renders traffic stops and resulting warrantless arrests permissible." *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016). If probable cause existed, the plaintiff lacks a viable claim for false arrest. *Jones v. City of Elkhart*, 737 F.3d 1107, 1114 (7th Cir. 2013).

Polowinczak has alleged that he was arrested despite the fact that there was no probable cause to believe that he had actually stolen property. He has also alleged,

4

however, that the Sheriff's deputies "upon their arrival determined that [Polowinczak] had vehicle violations." 2d Am. Compl. ¶ 22. He does not allege that the officers lacked probable cause to arrest him for these offenses. Although Polowinczak may believe that placing him under arrest was disproportionate to the seriousness of the vehicle violations, "it is not a violation of the Fourth Amendment to arrest an individual for even a very minor traffic offense." *Williams*, 809 F.3d at 942 (quoting *Jackson v. Parker*, 627 F.3d 634, 639 (7th Cir. 2010) (internal quotation marks omitted)); *see also Atwater v. City of Lago Vista*, 532 U.S. 318, 323 (2001) (the Fourth Amendment does not forbid "a warrantless arrest for a minor criminal offense, such as a misdemeanor seat belt violation punishable only by a fine").

Polowinczak argues that his allegation that there was no probable cause to support an arrest for theft is sufficient to support his false arrest claim. But an arresting officer need not have probable cause to arrest for a particular crime if he has probable cause to arrest for another. *See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "[P]robable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007). Because Polowinczak has not alleged the absence of probable for the traffic violations for which he was also charged, he has failed to state a claim for false arrest.

The remainder of Polowinczak's claims are state law claims over which the Court may exercise only supplemental jurisdiction. 28 U.S.C. § 1367(a). In the Seventh Circuit, "the usual practice is to dismiss without prejudice state supplemental claims

whenever all federal claims have been dismissed prior to trial." *Fields v. Wharrie*, 672 F.3d 505, 518–19 (7th Cir. 2012). Accordingly, and expressing no views regarding their merit, the Court will dismiss Polowinczak's remaining claims for lack of supplemental jurisdiction.

**Conclusion**

For the foregoing reasons, the Court grants defendants' motions to dismiss [dkt. nos. 36, 39]. The case remains set for a status hearing on March 8, 2016 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 5, 2016